IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00127-BNB

ADOLPH Q. SHERROD,

    Applicant,

v.

WARDEN BONNER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Adolph Q. Sherrod, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Sherrod has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in El Paso County District Court case number 99CR205.

    On January 17, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On March 11, 2014, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that the Application should be denied because the claims Mr. Sherrod asserts are unexhausted and procedurally barred.  On May 8, 2014, Mr. Sherrod filed a Reply to the Respondents' Pre-Answer Response (ECF No. 14).

The Court must construe the Application and other papers filed by Mr. Sherrod liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The following description of Mr. Sherrod's criminal case is taken from the opinion of the Colorado Court of Appeals affirming the trial court's order denying a postconviction motion:

> Defendant was charged with crimes related to a domestic violence incident in which he verbally and physically assaulted his live-in girlfriend.
>
> A jury convicted defendant of two counts of third degree sexual assault and related crime of violence counts, two counts of first degree assault and related crime of violence counts, two counts of second degree assault and related crime of violence counts, three counts of child abuse, and one count of menacing.
>
> The trial court merged the first degree assault convictions, and also merged the second degree assault convictions into the first degree assault convictions as lesser included offenses. The court sentenced defendant to consecutive sixteen-year to life terms for each third degree sexual assault conviction, a consecutive thirty-two-year term for the first degree assault conviction, a consecutive six-year term for the menacing conviction, and concurrent one-year terms for each child abuse conviction.
>
> On direct appeal, a division of this court concluded that the third degree sexual assault convictions should merge and thus, remanded the case for resentencing. *People v. Sherrod*, (Colo. App. No. 03CA1105, May 28, 2009) (not published pursuant to C.A.R. 35(f)).
>
> On remand, the trial court merged the third degree sexual assault convictions and resentenced defendant to a term of

>     sixteen years to life for one count of third degree sexual
>     assault. All other sentences remained the same.

*People v. Sherrod*, No. 10CA1778 (Colo. App. Mar. 15, 2012) (unpublished) (ECF No. 11-9 at 2-3).

Mr. Sherrod asserts three claims for relief in the Application. He first claims that the trial court abused its sentencing discretion by imposing consecutive rather than concurrent sentences for third degree sexual assault and first degree assault because those offenses involved only one victim, occurred during the same criminal episode, and are supported by identical evidence. Mr. Sherrod's second claim is a double jeopardy claim in which he contends that the convictions for third degree sexual assault and first degree assault must merge. Mr. Sherrod alleges in claim three that he is entitled to the benefits of amendatory legislation that mitigates the penalties for certain crimes when relief is sought before finality has attached to the judgment of conviction. Mr. Sherrod argues within claim three that the trial court failed to apply a heat of passion mitigator to his conviction for first degree assault.

Respondents argue that Mr. Sherrod's first and third claims are not federal constitutional claims and that, even if those claims do raise federal constitutional issues, the claims are procedurally defaulted. Respondents also argue that claim two is procedurally defaulted. Respondents do not argue that the Application should be dismissed as untimely.

The Court agrees that claims one and three in the Application are state law claims that do not raise federal constitutional issues. Mr. Sherrod argues in support of his first claim only that the trial court improperly imposed consecutive sentences for third

degree sexual assault and first degree assault as a matter of Colorado state law. He does not argue that his federal constitutional rights were violated because the trial court imposed consecutive sentences for third degree sexual assault and first degree assault. Similarly, Mr. Sherrod's argument in support of claim three is premised solely on a violation of Colorado state law.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Mr. Sherrod's first and third claims in the Application may not be raised in a federal habeas corpus action pursuant to § 2254 and must be dismissed. Furthermore, even if Mr. Sherrod's first and third claims in the Application could be construed liberally as federal constitutional claims, the Court concludes that those claims, like claim two, are unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Construing Mr. Sherrod's first claim for relief in the Application challenging his consecutive sentences for third degree sexual assault and first degree assault as a federal constitutional claim, the Court finds that the claim is not exhausted because Mr. Sherrod did not raise the claim as a federal constitutional claim in state court. Mr. Sherrod fails to identify any state court proceeding in which he claimed his consecutive sentences for third degree sexual assault and first degree assault violated his federal constitutional rights. Furthermore, based on the Court's review of Mr. Sherrod's opening brief on appeal from the denial of his postconviction motion, it is apparent that

Mr. Sherrod challenged his consecutive sentences only as a violation of Colorado state law. (*See* ECF No. 11-8 at pp.3, 8, 12-15 ). Mr. Sherrod also challenged his consecutive sentences on direct appeal, but he did not raise on direct appeal the same argument he presents in claim one in the Application. (*See* ECF No. 11-3 at pp. 31-36.) Furthermore, Mr. Sherrod's challenge to his consecutive sentences on direct appeal also was presented as a state law claim and did not raise any federal constitutional issues. (*See id.*)

Mr. Sherrod is correct that, in the state court postconviction proceedings, the Colorado Court of Appeals determined his claim challenging his consecutive sentences for third degree sexual assault and first degree assault properly was raised pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure and addressed the merits of that claim. (*See* ECF No. 11-9 at pp.7-10.) However, the fact that the state court addressed the merits of Mr. Sherrod's state law arguments challenging his consecutive sentences for third degree sexual assault and first degree assault does not mean that he fairly presented the claim to the state courts as a federal constitutional claim. As noted above, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson*, 459 U.S. at 6. Therefore, the Court finds that any federal constitutional claim Mr. Sherrod may be asserting with respect to his consecutive sentences for third degree sexual assault and first degree assault was not fairly presented to the state courts.

Mr. Sherrod also fails to demonstrate that claim two in the Application, the double jeopardy claim in which he contends his convictions for third degree sexual assault and first degree assault must merge, was presented fairly to the state courts. Mr. Sherrod

6

raised this double jeopardy claim as a federal constitutional claim in his opening brief to the Colorado Court of Appeals in the postconviction proceedings. (*See* ECF No. 11-8 at pp.3, 8-12.) However, pursuant to Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure, the Colorado Court of Appeals refused to consider the double jeopardy claim because the claim should have been raised on direct appeal. (*See* ECF No. 11-9 at pp.5-7.) Therefore, claim two also was not fairly presented to the Colorado courts.

Assuming claim three in the Application presents a federal constitutional claim, that claim also is not exhausted. To the extent claim three in the Application is premised on the trial court's failure to apply a heat of passion mitigator to his conviction for first degree assault, the Colorado Court of Appeals refused to consider the claim because, like the double jeopardy claim, it should have been raised on direct appeal. (*See* ECF No. 11-9 at pp.5-7.) To the extent claim three in the Application is premised on amendatory legislation, that argument was raised by Mr. Sherrod in state court for the first time in his postconviction petition for writ of certiorari. (*See* ECF No. 1 at pp.39-40.) Because "[i]ssues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion," *DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996), that portion of claim three also was not fairly presented to the state courts. Thus, any portion of claim three that may raise a federal constitutional claim also was not fairly presented to the Colorado courts.

Although Mr. Sherrod failed to exhaust state remedies for any of his claims, the Court may not dismiss the Application for failure to exhaust state remedies if Mr. Sherrod no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend that Mr. Sherrod no longer has an

adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, because Mr. Sherrod is barred from raising the unexhausted claims in a new postconviction motion. The Court agrees because Rule 35(c)(3)(VII) requires state courts in Colorado to deny any claim that could have been raised in a prior appeal or postconviction proceeding. As a result, it is clear that Mr. Sherrod may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Furthermore, even if the unexhausted claims have not actually been raised and rejected by the state courts, the claims still are subject to an anticipatory procedural default if it is clear that the claims would be rejected because of an independent and adequate state procedural rule. *See id.* at 735 n.1.

The Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The Court also finds that this procedural rule is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*,

240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion). In addition, Mr. Sherrod presents no argument that Rule 35(c)(3)(VII) is not independent and adequate. Therefore, Mr. Sherrod's claims in the Application are procedurally defaulted and cannot be considered unless Mr. Sherrod demonstrates either cause and prejudice or a fundamental miscarriage of justice. Mr. Sherrod's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Sherrod must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. See *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Sherrod can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Sherrod raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice. He also fails to demonstrate or argue that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, Mr. Sherrod's claims in the Application are procedurally barred and

must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED because Applicant's claims are unexhausted and procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  14th  day of      May        , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court